IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

ROBERT SAYRES                                                            PLAINTIFF

v.                      Civil No. 05-3049

SHANNON PEARSON,
Patrol Officer, Berryville
Police Department                                                  DEFENDANT

**REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

Robert Sayres, an inmate in the Arkansas Department of Correction, Delta Regional Unit, brings this pro se civil rights action pursuant to 42 U.S.C. § 1983. His complaint was filed in forma pauperis (IFP) and it is now determined whether it should be served upon the defendant.

On September 9, 2005, an order was entered directing the plaintiff to complete, sign, and return an attached questionnaire that would be filed as an addendum to his complaint (Doc. 8). The addendum was filed on September 19, 2005 (Doc. 9).

**I. Background**

In his complaint, Sayres alleges Shannon Pearson, a patrol officer with the Berryville Police Department, has violated his constitutional rights by trying to keep him in trouble with the law and in jail. Sayres alleges Pearson has had warrants put out for his arrest on bad checks in Carroll County, has attempted to have him arrested for carrying a firearm because of a felony conviction, and has used him because Pearson knows Sayres is good at catching crooks. Sayres also alleges he was falsely imprisoned back in 1999.

Sayres asserts there are three bad checks from 1996 that Pearson is trying to have him arrested on. *Addendum* at ¶ 3. Sayres indicates he did write the bad checks in 1995 or 1996. *Id.* He maintains he had been led to believe he would be paid for information and/or assistance he gave in connection with the 1995 criminal prosecution of Thomas Robert Seslar, Jr., *United States v. Seslar*, Cr. No. 95-30002-01. *Id.* at ¶ 3 & ¶ 7.

Sayres asserts he called Pearson from Arizona in May of 2004. *Addendum* at ¶ 3. Sayres indicated he missed Arkansas and his family and wanted to move back without fighting with Pearson. *Id.* at ¶ 3. The following week, Sayres states another warrant was issued for the three checks. *Id.* Sayres states he would have to ask the prosecutor and clerk who requested the warrants. *Id.* However, Sayres maintains Pearson stated that if Sayres didn't shut up about Pearson all he had to do is go to the prosecutor's office. *Id.* Sayres asserts warrants have been issued on these same checks at least ten times. *Id.*

Sayres was asked whether he had been continuously incarcerated since 1999. *Addendum* at ¶ 2. He responded no. He stated that after he was released from incarceration he moved from Harrison to Springdale until 2001. *Id.* He then moved to Maryland, Texas, and Arizona until 2004. *Id.*

Sayres indicates he was convicted of a felony for the checks right after the Seslar case in 1995 or 1996. *Addendum* at ¶ 4. Although he was not arrested for being a felon in possession of a gun, Sayres alleges that Pearson was always calling the Harrison officers and having Sayres stopped. *Id.* Sayres maintains that over the years Pearson has talked "bad" about Sayres and had him watched and has given him tickets. *Id.* Sayres stated he has been complaining about this for years.

AO72A
(Rev. 8/82)

Sayres indicates he is currently in jail for being a felon in possession of a firearm and forgery. *Addendum* at ¶ 5. He does not contend he is currently falsely imprisoned. *Id.* Instead, he states he believes Pearson had Sayres falsely imprisoned because "I put that law-suit on him in 1999." *Id.* Sayres indicates the lawsuit he is referring to is Sayres v. Crook, 5:99-cv-00142, a civil rights case filed in the Eastern District of Arkansas on March 30, 1999. *Id.* at ¶ 6.

Sayres believes Pearson is keeping him imprisoned by putting the same warrants out or sending him to jail. *Addendum* at ¶ 5. He also believes Pearson is calling officers out of his area and telling the officers to have Pearson stopped and checked. *Id.* In June of 1999, Sayres indicates Pearson called the dispatcher of the Harrison Police Department and stated that Sayres had called the Berryville Police Department asking for help. *Id.* Sayres indicates Pearson did this just to get Sayres in trouble because he was a trustee and had been getting to use the fax machine to send letters to the parole board to protest the revocation of his parole. *Id.*

## II. Discussion

Sayres' claims are subject to dismissal. First, many of his claims are barred by the statute of limitations as they are based on events that occurred more than three years before the filing of this complaint. Section 1983 actions are characterized as personal injury claims for purposes of applying the appropriate state statute of limitations. *Wilson v. Garcia*, 471 U.S. 261, 276, 105 S. Ct. 1938, 85 L. Ed. 2d 254 (1985). Arkansas' three-year personal injury statute applies to any § 1983 actions that accrued in this state. *Searcy v. Donelson*, 204 F.3d 797, 799 (8th Cir. 2000); *Ketchum v. City of West Memphis,* 974 F.2d 81, 82 (8th Cir. 1992). This case was filed on August 16, 2005. Thus, any claims based on events that occurred more than three years prior to that date are barred.

AO72A
(Rev. 8/82)

Second, Sayres' false imprisonment claim is barred. In *Heck v. Humphrey*, 512 U.S. 477, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994), the Supreme Court held that a claim for damages for "allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid" is not cognizable until "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck*, 512 U.S. 486-87. Sayres' conviction has not been reversed, expunged, or declared invalid. His false imprisonment claim is therefore barred by *Heck*.

Third, to the extent Sayres is attempting to assert a malicious prosecution claim it fails. The Court of Appeals for the Eighth Circuit "has uniformly held that malicious prosecution by itself is not punishable under § 1983 because it does not allege a constitutional injury." *Kurtz v. City of Shrewsbury*, 245 F.3d 753, 758 (8th Cir. 2001).

Fourth, to the extent Sayres asserts a false arrest claim it fails as a matter of law. A false arrest claim does not lie where there is probable cause to make an arrest. *Anderson v. Franklin County*, 192 F.3d 1125, 1131 (8th Cir. 1999). In his complaint and addendum, Sayres admits he was guilty of several crimes (being a felon in possession of firearms and having written two or three checks for which there were insufficient funds).

Similarly, Sayres does not contend that the warrants were issued without probable cause, or that they were based on fabricated evidence, or misleading information. Instead, he merely contends the warrants were issued at the urging of Pearson when he learned Sayres might be returning to Arkansas.

AO72A
(Rev. 8/82)

Fifth, to the extent Sayres contends he was the target of "selective prosecution" his claim fails. In general, to prevail on a claim of selective enforcement or prosecution in violation of the Equal Protection Clause, a plaintiff must prove: (1) he has been singled out for prosecution although others similarly situated have not been prosecuted for similar conduct; and (2) the defendant's action in singling the plaintiff out was based on an impermissible motive such as race, or religion. *See e.g., United States v. Hintzman*, 806 F.2d 840, 842 (8th Cir. 1986). *See also Marshall v. Columbia Lea Reg. Hosp.*, 345 F.3d 1157, 1167-68 (10th Cir. 2003)(analogizing § 1983 equal protection claims to selective enforcement claims in the criminal context).

Finally, to the extent Sayres asserts a claim of vindictive prosecution the claim fails. Vindictive prosecution violates Due Process. It is a prosecution to deter or punish the exercise of a constitutionally protected right. *See e.g. United States v. Wade*, 266 F.3d 574, 585 (6th Cir. 2001). To establish vindictive prosecution, the plaintiff must show: (1) exercise of some protected right; (2) the prosecutor's or official's stake in deterring the plaintiff's exercise of his constitutional rights; and (3) that the prosecutor's or official's conduct was unreasonable. *Id*. (citations omitted).

Assuming vindictive prosecution applies to the issuance of warrants as opposed to the filing of criminal complaints or indictments, Sayres has indicated he does not know who was responsible for issuing the warrants. Furthermore, he has not alleged Pearson took these actions to deter or punish Sayres' exercise of a constitutionally protected right. Instead, he merely contends Pearson and other law enforcement officers merely used him in connection with the Seslar case and then betrayed him.

AO72A
(Rev. 8/82)

### III. Conclusion

I therefore recommend Sayres' claims be dismissed on the grounds that the claims are barred by the statute of limitations, are frivolous, and fail to state claims. *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(iii)(IFP action, or any portion thereof, may be dismissed on such grounds at any time).

**Sayres has ten days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. Sayres is reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 30th day of September 2005.

/s/ Beverly Stites Jones
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)